IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | CASE NO. 5:04-CR-13-DF |
| KEVIN B. SEDDENS § | |
| § | |

**O R D E R**

Before the Court is the Motion to Dismiss the Third Superceding Indictment filed by the defendant, Dr. Kevin B. Seddens ("Dr. Seddens"). Dkt. No. 154. Also before the Court is the United States' response and Dr. Seddens' reply. Dkt. Nos. 156 & 158, respectively. The Court heard oral arguments on October 11, 2006. Having considered the briefing and all relevant papers and pleadings, the Court finds that Dr. Seddens' motion should be **DENIED**.

**I. BACKGROUND**

On June 8, 2004, a grand jury returned a forty-two (42) count Indictment (Dkt. No. 1) against Dr. Seddens for a scheme and artifice to defraud the Texas Medicaid Program in violation of 18 U.S.C. § 1347. On February 1, 2005, the same grand jury that returned the original Indictment returned a Second Superceding Indictment (Dkt. No. 16) against Dr. Seddens. The Second Superceding Indictment consolidated Counts 1-25 of the original Indictment into Count 1 and listed those counts as executions, listed in paragraphs 14a-y, in furtherance of Dr. Seddens' scheme to defraud. Count 1 charged Dr. Seddens with violations of 18 U.S.C. §§ 1347 & 2 for health care fraud by executing and attempting to execute a scheme and artifice to defraud the Texas Medicaid program from in or about 1997 to on or about July 6, 2001. Counts

2-20 charged Dr. Seddens with violations of 18 U.S.C. §§ 1035 & 2 for false statements relating to health care matters.

Leading up to the April 2005 trial setting, Dr. Seddens filed a motion for continuance due to "[t]he last minute bombarding of defense counsel with nearly three (3) times the amount of documents that had been provided to counsel up to March 4, 2005" and the "add[ing] [of] five (5) additional expert witnesses." Dkt. No. 30 at 10.  The Court granted Dr. Seddens' motion by oral order at the hearing on March 24, 2005.  The Court continued the trial setting to June 2005.

On June 3, 2005, the government filed a motion to dismiss paragraphs 14r, 14u, and 14w of Count 1 and Counts 2, 7, 8, 10-13, 15-18, and 20 of the Second Superceding Indictment, which was granted.  Dkt. No. 78.

Trial in this matter began on June 13, 2005.  Following a nine day jury trial, the jury acquitted Dr. Seddens of Counts 3, 4, 5, 9, 13, and 19, and convicted Dr. Seddens of Count 1. Under Count 1, the jury found the government had proved paragraph "d" of Count 1 beyond a reasonable doubt.  Dkt. No. 102..

The Court instructed the jury as follows as to Count 1 of the Second Superceding Indictment:

> Title 18, United State Code, Section 1347, makes it a crime for "Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice –
> (1)   To defraud any health care benefit program; or
>
> (2)   To obtain by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

      in connection with the delivery of or
      payment for health care benefits, items, or
      services."

  For you to find Dr. Seddens guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt, that between in or about 1997 to July 6, 2001:

*First:*  That Dr. Seddens knowingly and willfully executed or attempted to execute a scheme or plan:

    (a)  to defraud the Texas Medicaid Program, or
    (b)  to obtain money or property from the Texas Medicaid Program by means of material false or fraudulent pretenses, representations, or promises;

*Second:*  That the scheme or plan was executed in connection with the delivery of or payment for health care benefits, items or services;

*Third:*  That Dr. Seddens acted with intent to defraud the Texas Medicaid Program; <u>and</u>

*Fourth:*  That the Texas Medicaid Program is a health care benefit program.

  A "<u>scheme or plan to defraud</u>" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

  A defendant acts with the requisite "<u>intent to defraud</u>" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

  A representation is "<u>false</u>" if it is known to be untrue or is made with reckless indifference to its truth or falsity.

  A false statement is "<u>material</u>" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

  It is not necessary that the government prove all of the details alleged in the Second Superseding Indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that Dr. Seddens knowingly and willfully executed or

attempted to execute a scheme that was substantially similar to the scheme alleged in the Second Superseding Indictment.

You have been instructed that your verdict, whether it is <u>guilty</u> or <u>not guilty</u>, must be unanimous.  Under Count 1, Dr. Seddens has been accused of submitting twenty-two (22) separate claims to the Texas Medicaid Program in knowingly and willfully executing or attempting to execute the scheme or plan described in Count 1.  These claims are listed separately in subparagraphs 14a, 14b, 14c, 14d, 14e, 14f, 14g, 14h, 14i, 14j, 14k, 14l, 14m, 14n, 14o, 14p, 14q, 14s, 14t, 14v, 14x, and 14y of Count 1.

The government does not have to prove all of the claims in subparagraphs 14a-q, 14s-t, 14v, 14x, and 14y for you to return a guilty verdict on the charge in Count 1.  Proof beyond a reasonable doubt on one claim is enough.  But in order to return a guilty verdict, all twelve of you must unanimously find, beyond a reasonable doubt, that at least one of the false claims listed in subparagraphs 14a-q, 14s-t, 14v, 14x, and 14y has been proven.   Further, to return a guilty verdict, all twelve of you must agree on which one of these claims has been proven beyond a reasonable doubt.

Dkt. No. 101 at 4-6.  The jury completed the relevant portion of the Verdict Form as follows:

As to **Count One (1)** of the Second Superseding Indictment, we the Jury find the defendant, KEVIN B. SEDDENS:

    __X__  Guilty      _____ Not Guilty

If, and only if, you find defendant, KEVIN B. SEDDENS, guilty of **Count One (1)**, please state which paragraph, patient, and false and fraudulent service you unanimously find was proved by the government beyond a reasonable doubt.

| Paragraph(s) | Date | Patient Name | Service | |
|---|---|---|---|---|
| d | June 30 1999 | 211399182014186 Antonio Carson | (1) Periodontal scaling & root planning (2) Administration of Nitrous Oxide | |

Dkt. No. 102 at 1.

On June 30, 2005, Dr. Seddens timely filed a motion for judgment of acquittal or, in the alternative, for new trial.  The Court acknowledges its earlier statement that "[n]o action in this matter was taken in bad faith."  Dkt. No. 116 at 14 n.3.  Nonetheless, the Court emphasizes that,

despite the government's stipulation to the contrary, the government presented evidence of Dr. Seddens' employees' qualifications. *Id.* at 11-14. The Court accordingly granted Dr. Seddens' motion for new trial on January 1, 2006, pursuant to Federal Rule of Criminal Procedure 33. Dkt. No. 116.

On March 9, 2006, a grand jury returned a Third Superceding Indictment against Dr. Seddens. Dkt. No. 117. The Third Superceding Indictment lists twenty-two (22) counts, which each correspond to an execution of Count 1 of the Second Superceding Indictment. Dr. Seddens moves to dismiss, on Double Jeopardy grounds, Counts 1-3 and 5-22 of the Third Superceding Indictment, which correspond to all of the executions other than that of subparagraph "d" under Count 1 of the Second Superceding Indictment. Dr. Seddens also moves to dismiss Count 4 for violation of the Speedy Trial Act. 18 U.S.C. § 3161.

## II. DOUBLE JEOPARDY

"The [Double Jeopardy] Clause . . . guarantees that the State shall not be permitted to make repeated attempts to convict the accused, 'thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity as well as enhancing the possibility that even though innocent he may be found guilty.'" *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977) (quoting *Green v. United States*, 355 U.S. 184 (1957)); *see also United States v. Ball*, 163 U.S. 662, 671 (1896). The protection against Double Jeopardy ensures "freedom from extended anxiety, and the necessity to confront the government's case only once . . . ." *Oregon v. Kennedy*, 456 U.S. 667, 677 (1982). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468

U.S. 317, 325 (1984). Where a jury returns a conviction as to a particular count, "[t]he jury's failure to check a predicate act [within that count] does not constitute an implied acquittal of that act." *United States v. Ham*, 58 F.3d 78, 85 (4th Cir. 1995); *see also Richardson*, 468 U.S. at 325 (holding that "the failure of the jury to reach a verdict is not an event which terminates jeopardy").

Dr. Seddens argues that the jury's verdict acquitted him of all but subparagraph "d" of Count 1 of the Second Superceding Indictment. Dkt. No. 154 at 9. The government responds there has been no event terminating Dr. Seddens' original jeopardy because the jury's silence as to the remaining subparagraphs of Count 1 did not imply an acquittal. Dkt. No. 156 at 5 (citing *United States v. Wood*, 958 F.2d 963 (10th Cir. 1992)). Dr. Seddens replies by distinguishing *Wood* and emphasizing that Count 1 of the Second Superceding Indictment was, in fact, 22 separate counts. Dkt. No. 158.

The present case is analogous to *Wood*. 958 F.2d 963. In that case, the court granted a new trial upon finding that the jury had been inadvertently exposed to the government counsel's notes. *Id.* at 965. The relevant facts surrounding the *Wood* jury's findings on the charge for false statement under 18 U.S.C. § 1001 were as follows:

> The jury was instructed that, in order to find Defendant guilty, it must unanimously agree that only one of the six statements alleged in the indictment was false. The jury asked whether it was required to make a finding on the remaining false statements alleged in the indictment once it had unanimously agreed on one. The district court instructed the jury that if it unanimously agreed that one of the statements was false, it need not reach the other statements but that it should inform the court by special verdict on which statement it based its finding.

*Id.* at 965.

While the Court in the present case did not instruct the jury that its job would be done

upon finding as to one subparagraph of Count 1, the Court did explain that "[p]roof beyond a reasonable doubt on one [false] claim is enough" to make a finding of guilty on that count. Dkt. No. 101 at 6.[1]  The jury did not enter a verdict as to conduct other than subparagraph "d" of Count 1.  The most that may be said for certain is the jury found Dr. Seddens guilty on Count 1 based on a finding that the government had proven subparagraph "d" beyond a reasonable doubt.

The present case is not sufficiently analogous to cases in which the Supreme Court has found an implied acquittal.  In *Green*, the Supreme Court found double jeopardy barred a prosecution for first degree murder where, in the first trial, the jury found the defendant guilty of second degree murder and left the verdict form silent as to first degree murder. *United States v. Green*, 355 U.S. 184 (1957).  In the present case, by contrast, to convict on Count 1 the jury only needed a unanimous finding as to one of the subparagraphs of Count 1, and the verdict form did not list each subparagraph as a separate offense.  In *Price*, the Supreme Court found an acquittal "implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Price v. Georgia*, 398 U.S. 323, 329 (1970).  In the present case, the subparagraphs of Count 1 may not properly be viewed as "opportunit[ies] to return a verdict on [a] greater charge" because a finding as to any subparagraph of Count 1 was sufficient to sustain a conviction on Count 1. *Id.*

The jury's silence as to the subparagraphs other than subparagraph "d" does not imply an acquittal because the jury may simply have not reached unanimous agreement as to those subparagraphs.  Moreover, the jury may have simply applied the Court's instruction that "[p]roof

---

[1] The instruction that the jury make a unanimous finding as to at least one subparagraph, as well as the providing of a space on the verdict form for such a finding, was meant to address the Court's finding of duplicity as to Count 1. *See* Dkt. No. 79 at 6-10.

beyond a reasonable doubt on one [false] claim is enough" and, having reached unanimity as to subparagraph "d," the jury may have seen no need to deliberate further on Count 1. Dkt. No. 101 at 6. Therefore, the jury verdict did not give rise to an implied acquittal that terminated the original jeopardy. Dr. Seddens' motion should be **DENIED** as to Counts 1-3 and 4-22.

### III. SPEEDY TRIAL ACT

Section 3161(e) of the Speedy Trial Act provides in relevant part:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. . . . The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.

18 U.S.C. § 3161(e). Section 3161(h)(1)(F) provides for exclusion of time resulting from "any pretrial motion," and Section 3161(h)(8) excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dr. Seddens argues that the Speedy Trial Act began to run upon entry of the Court's order granting a new trial on January 30, 2006. Dkt. Nos. 154 at 10 & 158 at 3. Dr. Seddens argues that the filing of the Third Superceding Indictment on March 9, 2006, did not did not stop the speedy trial clock. *Id.* The government responds: (a) that the Court's January 30, 2006 Order did not become "final" until the time for appeal expired thirty (30) days later; and (b) continuances and pre-trial motions excluded sufficient time from speedy trial calculations to avoid a violation. Dkt. No. 156 at 6-7.

The Court assumes without deciding that the Speedy Trial Act began to run upon entry of the Court's order granting a new trial on January 30, 2006. Sixty-three (63) days elapsed before Dr. Seddens filed a Motion for Reconsideration on April 3, 2006. The government subsequently filed a Motion to Continue on April 11, 2006, which the Court granted on April 19, 2006. Dkt. Nos. 132 & 134. This continuance excluded time for Speedy Trial purposes until July 11, 2006. Prior to that date, Dr. Seddens filed a Motion for Continuance on May 17, 2006. Dkt. No. 144. The Court granted Dr. Seddens' motion and continued the trial to November 7, 2006. Dkt. No. 146. Prior to that date, Dr. Seddens filed the present Motion to Dismiss on September 14, 2006. Dkt. No. 154. Excluding all other potentially relevant motion practice,[2] only sixty-three (63) countable days have elapsed for Speed Trial purposes. Dr. Seddens' motion to dismiss as to Count 4 for violation of the Speedy Trial Act should therefore be **DENIED**.

### V.  CONCLUSION

Dr. Seddens' Motion to Dismiss the Third Superceding Indictment (Dkt. No. 154) is hereby **DENIED**.

**SIGNED this 28th day of December, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

---

[2] Because the Speedy Trial Act has been satisfied in light of the motions already discussed, the Court need not consider the Speedy Trial effect of other motions filed during the relevant time period, such as the government's Motion for Entry of Scheduling Order filed on March 13, 2006 or the government's Motion for Return of Trial Exhibits filed on March 27, 2006. Dkt. Nos. 120 & 128, respectively.